UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELIJAH DANE CHANEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 25-cv-1283 (APM) |
| TERESA JEAN WEBB, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of Plaintiff's pro se complaint. For the reasons set forth below, the court dismisses the complaint without prejudice.

Complaints filed by pro se plaintiffs are held to "less stringent standards" than those applied to pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but pro se plaintiffs must still comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) requires that a complaint contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a). Although this standard "does not require 'detailed factual allegations,'" it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In addition, Rule 8(d) mandates that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Taken together, these provisions ensure that defendants receive fair notice of the claims being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata

applies. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff's complaint falls far short of the Rule 8 pleading standard. Plaintiff, a resident of Idaho, sues various judges and law enforcement officers in Washington and Idaho, apparently in connection with a custody dispute and the seizure of Plaintiff's pistol. *See* Compl., ECF No. 1, at 1–4, 9–10. Plaintiff alleges dozens of violations under the U.S., Idaho, and Washington constitutions as well as several Washington and Idaho statutes, but he omits any specific factual allegations connecting his purported injuries to these legal assertions and the named defendants. *Id.* at 11–18. Such "[a] confused and rambling narrative of charges and conclusions does not comply with the requirements of Rule 8." *Webb v. Dep't of the Army*, No. 22-cv-2236 (UNA), 2022 WL 17851470, at *1 (D.D.C. Oct. 7, 2022), *aff'd*, No. 22-5292, 2023 WL 2564344 (D.C. Cir. Mar. 20, 2023) (citation omitted); *see Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) ("[A] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8's] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." (internal quotation marks and citation omitted)); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 725 (D.C. Cir. 1990) (affirming the district court's *sua sponte* dismissal of the plaintiff's complaint for failure to state a claim).

Furthermore, to the extent Plaintiff challenges a judicial decision issued by a state court, this court lacks the authority to review such challenges. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review

2

final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the U.S. Supreme] Court."); *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.").

As presented, neither the court nor the defendants can reasonably be expected to identify Plaintiff's claims. Equally murky are Plaintiff's stated bases for this court's jurisdiction. Accordingly, the court dismisses this case without prejudice.

A final, appealable order accompanies this Memorandum Opinion.

Dated: May 5, 2025

Amit P. Mehta
United States District Judge